UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON DUSTERHOFT, | § | |
| Plaintiff, | § § § | |
| v. | § | 1:24-CV-1479-RP |
| CITY OF AUSTIN, and TRAVIS COUNTY, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Defendant Travis County's Motion to Dismiss Plaintiff's Complaint, (Dkt. 6), and Defendant the City of Austin's Motion to Dismiss Plaintiff's Complaint, (Dkt. 13). Plaintiff Jason Dusterhoft ("Dusterhoft") has filed responses to both motions, (Dkts. 11, 24), and both Travis County and the City of Austin ("Defendants") filed replies in support of their motions to dismiss, (Dkts. 12, 25). After considering the motions, the supporting evidence, and the relevant law, the Court finds that the motions should be granted.

## I. BACKGROUND

Dusterhoft is a former City of Austin Police Officer who was terminated from the Austin Police Department ("APD") in 2018. *Dusterhoft v. City of Austin*, No. 20-CV-1081-RP, 2023 WL 2697722, at *4 (W.D. Tex. Jan. 10, 2023), *report and recommendation adopted*, No. 1:20-CV-1081-RP, 2023 WL 2709704 (W.D. Tex. Mar. 29, 2023), *aff'd*, No. 23-50313, 2023 WL 6785842 (5th Cir. Oct. 13, 2023). Prior to this suit, which challenges Defendants' refusal to rehire Dusterhoft (or, in Travis County's case, refusal to hire him in the first place), Dusterhoft had filed another First Amendment retaliation claim in 2020 challenging APD's decision to terminate him. *Dusterhoft*, 2023 WL 2697722. In that case, Dusterhoft alleged that in a meeting with APD Chief Brian Manley and Assistant City

1

Manger Rey Arellano on July 14, 2017, after Manley informed Dusterhoft he was being demoted, Dusterhoft complained of "numerous criminal and serious policy violations being committed by Austin police officers and Chief Manley himself." *Id.* at *1. Dusterhoft asserts that his subsequent demotion and later termination were retaliation for these "whistleblower" complaints. *Id.* Dusterhoft challenged the termination through arbitration but was unsuccessful. *Id.*

This Court dismissed the complaint, *id.* at *4, and noted that "[w]hen public employees speak pursuant to their official duties, they are not speaking as citizens and their speech is not constitutionally protected." *Id.* at *3 (citing *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006)). Because "the content of Dusterhoft's speech was primarily—if not entirely—information he learned through his role as an Assistant Chief," it reflected "special knowledge gleaned from [his] position." *Id.* (quoting *Harrison v. Lilly*, 854 F. App'x 554, 556 (5th Cir. Mar. 25, 2021)). Dusterhoft was therefore speaking as a public employee and not a private citizen. *Id.* The Court also concluded the speech did not concern a matter of public interest because the complaints "specifically reflected poorly on Chief Manley, who had just informed Dusterhoft that he was being demoted." *Id.* at *4. Accordingly, Dusterhoft's speech was not protected by the First Amendment. *Id.* The Fifth Circuit affirmed the decision. *Dusterhoft v. City of Austin*, No. 23-50313, 2023 WL 6785842, at *2 (5th Cir. Oct. 13, 2023).

In the instant action, filed one year after the Fifth Circuit's affirmance, Dusterhoft alleges that he has filed several complaints with the Office of Police Oversight and the DA's office against Chief Manley and other APD officials since his termination. (Compl., Dkt. 1, at 2–3). These complaints alleged, for example: misconduct by Chief Manley and Officer Lakes, involving injury to a child"; "tampering with evidence, interfering with an investigation, and an IA Non-Garrity complaint against City Management [City of Austin] personnel and APD officers"; and "failure to comply with a lawful subpoena." (*Id.*). He also allegedly raised these complaints, which "would later implicate Travis County," on a public livestream in the final week of his arbitration in 2019. (*Id.* at

2

6). He alleges the City of Austin and the Travis County District Attorney's office colluded in refusing to investigate the complaints. (*Id.*). Dusterhoft also claims that Defendants have retaliated against him by refusing to hire him for positions for which he is allegedly qualified. (*Id.* at 3–4). According to Dusterhoft, the City of Austin "has had and continues to have a persistent, widespread practice of mistreating and retaliating against whistleblowers," "constituting a de facto policy of retaliation." (*Id.* at 11).

Travis County moved to dismiss on December 27, 2024, (Dkt. 6), and the City of Austin moved to dismiss on February 28, 2025, (Dkt. 13).

## II. LEGAL STANDARDS

### A.  Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

3

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### B.  Leave to Amend

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief

could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

## III. DISCUSSION

### A. City of Austin's Motion to Dismiss

The City of Austin's motion offers many reasons for the Court to dismiss Dusterhoft's complaint. The Court will address only two independent reasons: (1) Dusterhoft fails to adequately plead the City of Austin took any adverse employment action against him; and (2) Dusterhoft's complaints do not constitute protected speech.

First, Dusterhoft fails to plead sufficient facts to plausibly allege the City of Austin took adverse employment action against him. To state a First Amendment retaliation claim, Dusterhoft must allege facts sufficient to show: (1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighed the government's interest in efficient provision of public services; and (4) the speech precipitated the adverse employment action suffered. *Anderson v. Valdez*, 913 F.3d 472, 476–77 (5th Cir. 2019). Dusterhoft alleges that the City's refusal to fire him constitutes adverse employment action. But rather than offering specific facts about when he applied, the positions for which he applied, the number of applicants, and who evaluated any applicants or considered respective qualifications, Dusterhoft relies exclusively on generalities. Dusterhoft simply claims that despite "numerous applications for positions within The City of Austin and Travis County," he has not been granted an interview. (Compl., Dkt. 1, at 5). The only other allegation he offers on this subject is that "he has been consistently passed over for positions with Defendants for which he is overqualified." (*Id.* at 4). These conclusory and vague statements are insufficient to state a failure-to-hire claim.

Second, this Court has already held that Dusterhoft's complaints do not constitute protected speech. *Dusterhoft*, 2023 WL 2697722, at *4. In the instant suit, Dusterhoft alleges retaliation based

5

on complaints he made after he was terminated. (Compl., Dkt. 1, at 2–3, at 7–8). Although the Court had previously addressed only the complaints Dusterhoft had raised in his meeting with Chief Manley and Assistant City Manager Arellano in 2017, the factual underpinning for Dusterhoft's claims here mirror his prior claims against the City. The speech is about circumstances he faced on the job with the City of Austin, or concerns related to the performance of duties by coworkers or his supervisors. In his response, Dusterhoft does not dispute that all of his alleged speech concerns issues stemming from his former employment with APD. (*See* Resp., Dkt. 24). As in his previous case before this Court, "the content of Dusterhoft's speech was primarily—if not entirely—information he learned through his role as an Assistant Chief." *Dusterhoft*, 2023 WL 2697722, at *3. Therefore, the Court concludes that Dusterhoft spoke as an employee, rather than as a private citizen on matters of public concern. *See id.* at *4. Because his speech is not protected by the First Amendment, the Court will dismiss his claims against the City of Austin.

### B. Travis County's Motion to Dismiss

The Court's reasons for granting the City of Austin's motion to dismiss apply with equal force to Travis County's motion. While the Court could simply grant the motion on these grounds, the Court additionally notes that Dusterhoft fails to allege his speech caused Travis County to retaliate against him. As mentioned above, a First Amendment retaliation claim requires that "the speech precipitated the adverse employment action suffered." *Anderson*, 913 F.3d at 476–77. Notably, Dusterhoft was never a Travis County employee, and he alleges only that APD terminated him. (County Mot. Dismiss, Dkt. 6, at 1).

Dusterhoft also fails to plausibly allege that anyone at Travis County harbored a retaliatory motive against him. He does not plead that his speech cast Travis County in a negative light. He alleges only at one point that testimony he provided "would later implicate Travis County," without providing further specifics. (*See* Compl., Dkt. 1, at 6). The only references to reports or complaints

Dusterhoft may have raised to Travis County involve alleged "criminal" and "policy" complaints and emails to the DA's office. (*Id.* at 2–3). Dusterhoft does not allege who received those emails or complaints, or whether those individuals had any connection to subsequent hiring decisions. In response to Travis County's causation arguments, Dusterhoft merely argues, without more, that he has plead facts to show "that as a very experienced police officer, his inability to get a job with Travis County is sufficient to establish a prima facie case of causation." (Resp., Dkt. 11, at 3). He cites no authorities to support his proposition. This conclusory statement is not enough to plausibly allege that his speech caused Travis County to refuse to hire him. Accordingly, the Court will dismiss his claims against Travis County.

### C.  Leave to Amend

In the alternative, Dusterhoft asks the Court to grant him leave to amend his complaint. (Resp., Dkt. 11, at 3; Resp., Dkt. 24, at 7). The Court declines to grant this request.

Travis County moved to dismiss Dusterhoft's Complaint six months ago, on December 27, 2024, (County Mot. Dismiss, Dkt. 6), and the City of Austin moved to dismiss four months ago, on February 28, 2025, (City Mot. Dismiss, Dkt. 13). Granting leave to amend is not required if the plaintiff has already pled his "best case." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 Fed. App'x 625, 627 (5th Cir. Oct. 6, 2017). A plaintiff has pled their best case after they are "apprised of the insufficiency" of their complaint yet failed to cure the defects. *Id.* (quoting *Dark v. Potter*, 293 Fed. App'x 254, 257 (5th Cir. Aug. 26, 2008)). Here, Dusterhoft had two opportunities and several months to amend his complaint but chose not to. Dusterhoft also does not suggest what other information he might add that could redeem his claim. Therefore, the Court denies Dusterhoft's request to replead as futile, as he has already apparently pled his best case.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Travis County's Motion to Dismiss Plaintiff's Complaint, (Dkt. 6), and Defendant the City of Austin's Motion to Dismiss Plaintiff's Complaint, (Dkt. 13), are **GRANTED**. **IT IS ORDERED** that Dusterhoft's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on July 1, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE